# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | No. 2:24-cv-02599-TLP-cgc |
| v. ) | |
| ) | JURY DEMAND |
| A1 MASTER TRADING LLC and CHENG ) | |
| ZHANG, a/k/a PETER ZHANG, ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

In August 2024, Plaintiff Federal Express Corporation ("FedEx") sued Defendants A1 Master Trading LLC ("A1") and Peter Zhang ("Zhang") for breach of contract and to pierce A1's corporate veil.  (ECF No. 1 at PageID 5–6.)  FedEx moved for entry of default on December 23, 2024.  (ECF No. 12.)  One week later, Defendants answered.  (ECF No. 14.)  FedEx withdrew its Motion for Entry of Default.  (ECF No. 21.)  And Defendants amended their answer, including a counterclaim.  (ECF No. 31.)  Defendants' Counterclaim asserts their own claim for breach of contract.  (*Id.* at PageID 69.)  FedEx moved to dismiss the Counterclaim for failure to state a claim.  (ECF No. 32.)  Defendants responded.  (ECF No. 33.)  And FedEx replied.  (ECF No. 34.)

For the reasons explained below, the Court **GRANTS IN PART AND DENIES IN PART** FedEx's Motion to Dismiss Defendants' Counterclaim.

1

## BACKGROUND

On January 10, 2022, FedEx and A1 executed a FedEx Transportation Services Agreement ("Agreement"). (ECF No. 11 at PageID 3.) The Agreement is a shipping contract allowing A1 to benefit from discounted shipping rates for high volume shipping through a FedEx account. (*Id*.) The pricing under the Agreement was solely for A1's use and benefit. (*Id*.) The Agreement also incorporated the FedEx Service Guide, which prohibited the sharing of A1's account with third parties. (*Id.*) The Service Guide also provides that misusing an account could result in the account's termination. (*Id.*) And it authorizes FedEx to seek damages. (*Id.*) A1 opened three accounts with FedEx under the same shipping and billing address in New Jersey, with Zhang listed as the primary contact for each account. (*Id.*)

FedEx alleges that A1 violated the Agreement by "re-selling," or charging a fee to allow others to use its account and exploit its discounts. (*Id.*) It asserts that almost all the shipments under the three accounts had no link with A1's shipping and billing address in New Jersey. (*Id.*) FedEx claims that it lost a total of $3,178,264.69 from A1's unauthorized sharing of its shipping discount. (*Id.* at PageID 5.) FedEx also alleges that A1 violated the Agreement by having outstanding invoices worth $11,323,703.79 for 119,304 pre-printed labels. (*Id.*) Finally, FedEx claims that A1 is essentially Zhang's alter ego and the Court should pierce the corporate veil and allow FedEx to hold Zhang personally liable. (*Id.* at PageID 6.)

FedEx terminated A1's accounts on June 20, 2023. (*Id.* at 4–5.) It sent A1 a termination notice explaining that it was terminating A1's accounts because of contractual violations and misuse. (*Id.*) FedEx alleges that, rather than contest the termination, A1 pre-printed thousands of shipping labels for later use. (*Id.* at PageID 5.)

A1 and Zhang counterclaim for breach of contract and contest FedEx's description. (ECF No. 31 at PageID 68–70.) Defendants claim that they were unable to print shipping labels on June 9, 2023. (*Id.* at PageID 68.) And so they emailed their FedEx account manager asking why they could not print a label. (*Id.*) In response, the account manager reportedly notified them that FedEx had suspended their account.[1] (*Id.*) They received FedEx's termination letter a few days later. (*Id.* at PageID 68–69.) And two days after that they received an invoice for shipping goods at the non-discounted rate. (*Id.*) Defendants communicated with FedEx after receiving this invoice. (*Id.* at PageID 69.)

FedEx told them that it was reviewing the issue. (*Id.*) In early July, FedEx emailed Defendants stating that the invoice must be paid within thirty days or FedEx would send it to third-party collections. (*Id.*) That same day, FedEx allegedly sent Defendants another email stating that FedEx had billed them incorrectly and would resolve the issue. (*Id.*) On July 19, 2023, Defendants' account manager then notified them that the full price invoice was correct. (*Id.*) Defendants interpret the Agreement as requiring FedEx to give them thirty days' notice before terminating it. (*Id.*) Thus they assert FedEx breached the Agreement by suspending their account and by sending them the full price invoice without notice.[2] (*Id.*)

---

[1] FedEx refers to three accounts in their Complaint, but Defendants reference only one account in their Counterclaim. (*Compare* ECF No. 1 at PageID 4 *with* ECF No 31 at PageID 68–69.) This discrepancy does not affect the Court's ruling.

[2] The Agreement has a termination provision that covers how the parties may cancel the contract.
> Either party may terminate this Agreement immediately upon notice due to the other party's noncompliance with its terms. Either party may terminate this Agreement at any time without cause and without fees unless otherwise stated in the Agreement or the pricing attachment, upon 30 days' prior written notice to the other party.

(ECF No. 31-1 at PageID 74.)

FedEx seeks dismissal of the Counterclaim for failure to state a claim. (ECF No. 32 (citing Fed. R. Civ. P 12(b)(6).) It asserts that dismissal is appropriate on several grounds. First, Zhang lacks standing to bring a breach of contract claim against FedEx because he is not a party to the Agreement. (ECF No. 32-1 at PageID 89–90.) Second, FedEx had a contractual right to terminate A1's accounts without notice over A1's violations of the Agreement. (*Id.* at PageID 90–92.) FedEx therefore did not breach the Agreement. (*Id.*) Third, Defendants may not seek specific performance or damages for FedEx's alleged breach because A1 materially breached the contract first. (*Id.* at PageID 92.) Fourth, Defendants' allegation that they have "incurred out of pocket expenses and will continue to incur costs in connection with Counter-Defendant's breach in an amount to be proven at trial" is deficient because it is not specific enough. (*Id.* at PageID 92–93.) If Defendants only seek damages in the amount they lost by being charged the standard shipping rate, FedEx insists they cannot plead their claim offensively. (*Id.* at PageID 93.) It argues that because Defendants' claim for damages is for a lesser sum than they owe FedEx, the claim is really a defense that could reduce the amount Defendants owe FedEx.

Defendants responded to the Motion to Dismiss. (ECF No. 33.) Defendants did not contest FedEx's argument that Zhang lacks standing to bring the Counterclaim. (*See id.*) But A1 has many responses to FedEx's arguments. A1 counters FedEx's second and third arguments by insisting that they require the Court to make the factual determination that Defendants violated the Agreement. (*Id.* at Page ID 118.) Defendants assert that making this determination is inappropriate at the Motion to Dismiss stage. (*Id.* at PageID 118–19.) Defendants also clarify their claim for damages. They state that their damages totaled the amount extra they paid by being improperly charged the standard shipping rate without thirty days' notice of the termination of their account. (ECF No. 33 at PageID 119.) Defendants insist that this expression

4

of their damages claim is enough to survive the Motion to Dismiss. (ECF No. 33 at PageID 119.)

In FedEx's Reply, it notes that Defendants did not respond to its standing argument against Zhang. (ECF No. 34 at PageID 122.) FedEx reiterates that Defendants may not assert their Counterclaim because they owe FedEx more money than they are seeking. (*Id.* at PageID 123.) FedEx also argues that the Court has an adequate record to determine that Defendants owed FedEx money and breached the Agreement. (*Id.* at 122–24.)[3] This too, FedEx concludes, would warrant dismissal of the Counterclaim.

The Court will now lay out the applicable legal standards.

## **LEGAL STANDARD**

When deciding whether a complaint states a claim on which relief can be granted, courts apply the standard of Federal Rules of Civil Procedure 8 and 12(b)(6), which the Supreme Court explains in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." It need only give the defendant fair notice of the claim and the grounds for the claim. To survive a motion to dismiss, a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face." *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, "[a] claim has

---

[3] In FedEx's Motion to Dismiss, it highlighted that it could not determine whether Defendants' counterclaims were time-barred under the Agreement because of the vagueness of the Counterclaim. (ECF No. 32-1 at PageID 93.) In Defendants' Response, they argued that the specific contractual limitations clause does not apply. (ECF No. 33 at PageID 120.) FedEx clarified that it was not asserting a limitations defense at this stage. (ECF No. 34 at PageID 124.) Although it reserves the argument for later stages of the litigation. (*Id.*) The Court will not address any contractual limitations provision here as FedEx agrees that it has not raised such a claim.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And the ruling court must accept all factual allegations as true. *See Crawford*, 15 F.4th at 762.

But it need not accept a plaintiff's legal conclusions or make unreasonable inferences in favor of a plaintiff. *See id.*; *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). Instead, the "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (quoting *Commercial Money Ctr. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). What is more, when reviewing a motion to dismiss, the ruling court generally restricts its review to the face of the complaint. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022). Still, in reviewing a motion to dismiss, "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 410 (6th Cir. 2024).

## **ANALYSIS**

To survive a Rule 12(b)(6) motion to dismiss, the party making a breach of contract claim must plead (1) the existence of a contract, (2) a breach of that contract, and (3) damages that result from the breach. *Kerns v. Caterpillar, Inc.*, 583 F. Supp. 2d 885, 901 (M.D. Tenn. 2008). The Parties do not dispute the existence of a contract—the Agreement. But FedEx disputes

Zhang's standing to bring the Counterclaim, that it breached the Agreement, and that Defendants suffered any damages.

I.     **Zhang's Standing to Bring the Breach of Contract Counterclaim**

Defendants do not contest that Zhang lacks standing to bring the Counterclaim.[4]  (ECF No. 32-1 at PageID 89–90.)  FedEx explains "[i]t is an elementary principle of contract law . . . that a person who is not a party to a contract does not ordinarily have standing to sue for a breach . . . ."  (*Id.* at PageID 89.)  FedEx cites two Court of Appeals of Tennessee cases for that principle.  *See Kemmons Wilson, Inc. v. Allied Bank of Texas*, 836 S.W.2d 104, 108 (Tenn. App. 1992); *Davison v. Johnson*, No. M2024-00412-COA-R3-CV, 2024 WL 4579530, at *4–7 (Tenn. App. Oct. 25, 2024), *appeal denied* (Mar. 13, 2025).

Defendants offer no reason why the Court should depart from this basic presumption of contract law, so it agrees with FedEx.  The Agreement lists A1 as the "Customer."  (ECF No. 31-1 at PageID 75.)  It is signed by Zhang, who is listed with the title of "Partner."  (*Id.*)  A plain reading suggests that Zhang signed the Agreement as representative of A1, the party to the Agreement.  *See 84 Lumber Company v. Smith*, 356 S.W.3d 380, 382–83 (Tenn. 2011) ("In most cases, a representative who signs a contract is not personally bound to the contract," but they "may be personally bound ... when the clear intent of the contract is to bind the representative.").  Thus Zhang lacks standing to bring the Counterclaim because he is not a party to the Agreement.  The Court therefore **GRANTS** FedEx's Motion to Dismiss as it relates to Defendant Zhang's claim because he cannot assert a breach of contract counterclaim for a contract to which he is not a party.

---

[4] In their Motion for Summary Judgment, Defendants assert that only A1 and FedEx are party to the Agreement.  (*See* ECF No. 42-1 at PageID 162.)

## II.  FedEx's Contractual Right to Terminate the Contract and Defendants' Material Breach of the Contract

FedEx makes two arguments to contest Defendants' counterclaim for breach of contract. First, FedEx asserts that it had a clear contractual right to terminate Defendants' accounts immediately without notice. (ECF No. 32-1 at PageID 90–92.)  Second, FedEx argues that, since Defendants breached the Agreement first, Defendnats cannot bring their Counterclaim. (*Id.* at PageID 92.)  Defendants insist that FedEx hinges its arguments to the conclusion that Defendants violated the Agreement, which Defendants deny. (*See* ECF No. 31 at PageID 69–70.)

Defendants are correct.  At this stage, the Court must accept as true the factual claims of the non-movant.  This is true even if FedEx's position may carry the day later.  The Court's role at the Motion to Dismiss stage is to determine whether a counter-plaintiff has alleged enough facts to "state a claim to relief that is plausible on its face."  *Crawford v. Tilley*, 15 F.4th 752, 762 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court does not make conclusive determinations about the facts in the case at this point.[5]  *See Domus Dev. LLC, v. Titan Dev. LLC,* 350 F.Supp.3d 683, 691 (M.D. Tenn. 2018) ("These kinds of factual determinations are inappropriate for a Rule 12(b)(6) motion, and the Court believes that the better course of action is to allow development of the factual issues through discovery to aid the Court's ultimate disposition of the issues, whether through additional dispositive motions or at trial.") (citing *Moher v. United States*, 875 F.Supp.2d 739, 757 (W.D. Mich. 2012) ("These disputed issues may be decided either at trial or on summary judgment under Fed. R. Civ. P. 56,

---

[5] FedEx points out in its Reply that Defendants have not disputed that they owe FedEx $11,3232,703,79 in unpaid shipping charges.  (ECF No. 34 at PageID 123.)  This is not true, given that Defendants deny this in their Amended Answer. (ECF No. 31 at PageID 67.)  And FedEx does not provide the Court with proof of Defendant's outstanding debt.  Anyway, the Court does not make factual determinations at the Motion to Dismiss stage.  The Parties may dispute the existence of the outstanding debt at a later stage in this litigation.

but cannot be decided on a Rule 12(b)(6) motion to dismiss.")).  FedEx's arguments are premature at this stage.  Defendants allege that they had not breached the Agreement and were therefore entitled to thirty days' notice before FedEx terminated their accounts.  Thus the allegation that FedEx terminated Defendants' accounts without notice plausibly alleges that FedEx breached the Agreement.

### III.  Defendants' Failure to Plead Damages

FedEx lastly argues that Defendants counterclaim for damages is inadequate.  It insists that Defendants' initial pleading is too vague to put FedEx on notice of a valid claim for damages.  (*See* ECF No. 32-1 at PageID 92–94.)  FedEx argues that Defendants' attempt to clarify their damages claim in their Response is lacking because Defendants would still owe FedEx more money than they are seeking.  (ECF No. 34 at PageID 122–23.)  Thus FedEx argues that Defendants should assert their claim defensively.  Defendants insist that FedEx caused financial harm to A1 by charging the standard shipping rate when the Agreement called for the discounted rate.  (ECF No. 31 at PageID 68–70.)

Neither party provides the Court with much case law to help it determine the specificity with which damages must be pleaded for a breach of contract claim.  But Defendants must plead only "short and plain statement of the claim showing that the pleader is entitled to relief" that gives FedEx fair notice of the claim and its grounds.  Fed. R. Civ. Pro. 8(a)(2).  And the factual content in the Counterclaim need only provide the Court enough to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court finds that Defendants have met this low standard in their Counterclaim.  They describe circumstances in which FedEx terminated their accounts without notice and charged them its standard rate allegedly in violation of the Agreement.  (ECF No. 31 at PageID 68–69.)

9

Defendants list their damages as "out of pocket expenses" and "costs in connection with Counter-Defendant's breach in an amount to be proven at trial." (*Id.* at PageID 69–70.) While admittedly vague, this is enough to draw the reasonable inference that FedEx violated the Agreement and overcharged Defendants. In fact, FedEx anticipated Defendants' clarification of its damages in its Motion to Dismiss. (ECF No. 32-1 at PageID 93.) FedEx's prediction supports the Court's conclusion that the counterclaim is sufficient.

And FedEx's second argument puts the cart before the horse once again. Defendants have pleaded an economic harm based on FedEx allegedly overcharging them in breach of the Agreement. FedEx is asking the Court to determine now that Defendants owe it over $11 million. Since Defendants deny that allegation, the Court refuses to draw that conclusion now. The Court therefore concludes that Defendants have plausibly pleaded damages in their Counterclaim.

In the end, the Court finds that A1 has pleaded a plausible Counterclaim, and the Court therefore **DENIES** FedEx's Motion to Dismiss as to Defendant A1.

## CONCLUSION

For the above reasons, the Court **GRANTS IN PART** and **DENIES IN PART** FedEx's Motion to Dismiss. The Motion is **GRANTED** as to Defendant Zhang and **DENIED** as to Defendant A1.

**SO ORDERED**, this 10th day of March, 2026.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE